HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

***IN RE SUBPOENA TO JIMMY NGUYEN***

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman; and W&K Info Defense Research, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CRAIG WRIGHT,<br><br>　　　　　Defendant. | CASE NO. 20-mc-00026-RSL RSL<br><br>**NON-PARTY JIMMY NGUYEN'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**<br><br>Noting Date:  April 24, 2020<br><br>**WITHOUT ORAL ARGUMENT** |

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 1
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

7089406.1

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS .................................................................................................. 2

TABLE OF CITATIONS ................................................................................................. 3

INTRODUCTION ............................................................................................................ 4

STATEMENT OF THE CASE AND OF THE FACTS .................................................. 4

    A.  Two Federal Judges Have Already Denied Plaintiffs the Same. .............................. 5

    B.  Plaintiffs' Untimely Discovery Request. .................................................................. 6

    C.  Mr. Nguyen. .............................................................................................................. 7

        1.  Mr. Nguyen's Recent Employment..................................................................... 8

        2.  Mr. Nguyen's International Travel and Plaintiffs' Failed Service Attempts. ...... 8

DISCUSSION ................................................................................................................. 11

    A.  Plaintiffs Acknowledge the Service Deficiency—Just Not to This Court. ............. 12

    B.  Plaintiffs Have Not Been Diligent in Seeking Discovery from Mr. Nguyen and are Not Entitled to Extraordinary Relief. ...................................................................... 13

CONCLUSION ............................................................................................................... 14

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 2
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

7089406.1

## TABLE OF CITATIONS

CASES                                                                                                         Page

*Ellis v. SmithKline Beecham Corp.*,
C07-5302RJB, 2008 WL 2323925, at *1 (W.D. Wash. June 5, 2008) ...................................... 10

*Entrepreneur Media, Inc. v. Casey*,
818CV01058JLSAGR, 2018 WL 6424515, at *1 (C.D. Cal. Oct. 1, 2018) .............................. 13

*In re Falcon Air Exp., Inc.*,
06-11877-BKC-AJC, 2008 WL 2038799, at *1 (Bankr. S.D. Fla. May 8, 2008) .................... 10

*In re: Ex Parte Application of Pro-Sys Consultants & Neil Godfrey*,
2016 WL 6025155, at *2 (N.D. Cal. Oct. 14, 2016) ................................................................. 13

*Kantor v. Big Tip, Inc.*,
2:15-CV-01871-RAJ, 2017 WL 2634207, at *1 (W.D. Wash. June 19, 2017) ........................ 10

*Sec. & Exch. Comm'n v. Pence*,
322 F.R.D. 450 (S.D.N.Y. 2017) ............................................................................................. 13

*St. Francis Assisi v. Kuwait Fin. House*,
3:16-CV-3240-LB, 2016 WL 5725002, at *1 (N.D. Cal. Sept. 30, 2016) ................................. 11

*Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*,
No. C 13-80246 WHA, 2014 WL 1877547, at *1 (N.D. Cal. May 9, 2014) ............................ 11

*Toni Brattin & Co., Inc. v. Mosaic Int'l, LLC*,
15-MC-80090-MEJ, 2015 WL 1844056 (N.D. Cal. Apr. 9, 2015) ........................................... 13

OTHER

Fla. R. Civ. P. 45(d)(2)(B) ................................................................................................ 2, 13

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 3
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

7089406.1

Non-party Jimmy Nguyen ("Mr. Nguyen") submits this Response in Opposition to Plaintiffs' Motion to Compel Compliance with Subpoena (the "Motion to Compel") and, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), objects to producing documents and testifying at deposition in response to a defectively-served document subpoena dated February 11, 2020 and a defectively-served subpoena to testify at deposition dated March 30, 2020.

## INTRODUCTION

Plaintiffs have never served Mr. Nguyen with *any subpoena* for documents or deposition. In fact, until this Motion to Compel, Plaintiffs have never even suggested that they served Mr. Nguyen.

Quite the contrary, in multiple recent submissions to the Florida Court presiding over the underlying lawsuit from which the subpoenas issued, Plaintiffs acknowledged their inability to serve Mr. Nguyen and requested that Court's assistance to effect service. The Florida Court *twice* declined Plaintiffs' invitation for assistance—most recently on **April 9**. Questioning the propriety of court-assisted service of process, the Florida Court observed that Plaintiffs waited two years before seeking discovery from Mr. Nguyen and had not sought the Court's assistance since the case originated in February 2018.

Now facing an extended *sixth* discovery deadline of May 1, 2020, Plaintiffs ask this Court to grant them eleventh-hour relief twice denied by the Florida Court. In the midst of a global pandemic, Plaintiff's procrastination is not this Court's or Mr. Nguyen's emergency. Plaintiffs have not, in fact, served Mr. Nguyen with any subpoena. Like the issuing Court, this Court should deem improper Plaintiffs' last-minute and flawed request for assistance.

## STATEMENT OF THE CASE AND FACTS

On, April 6, 2020, Plaintiffs Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC (collectively, "Plaintiffs"), filed a

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 4
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

7089406.1

1  Motion to Compel Compliance with Subpoena (the "Motion to Compel") in connection with a
2  pending action in the Southern District of Florida (the "Florida Lawsuit" or the "Florida Court").[1]
3  [D.E. 1]. Specifically, Plaintiffs seek an order compelling non-party Mr. Nguyen to comply with
4  two subpoenas, one for the production of documents and one for deposition testimony. [D.E. 1,
5  at 1]. Alternatively, Plaintiffs request an order authorizing Plaintiffs to serve Mr. Nguyen via
6  certified mail, email, and Twitter. [*Id.*].

### A. Two Federal Judges Have Already Denied Plaintiffs the Same Relief

Plaintiffs misrepresent to this Court that the Florida Court "extended the deadline for discovery to May 1" based on Plaintiffs' motion "to depose Mr. Nguyen after the discovery cutoff date of April 17." [D.E. 1, at 4]. What Plaintiffs actually filed in the Florida Court was an "Expedited Motion for Enlargement of Time of Expert Related Deadlines and for Extension of Time to Complete Three Facts Witness Depositions." (ECF No. 436). In their 4-page motion, Plaintiffs requested a "short 14-day extension of the *expert* related discovery deadlines" because of the COVID-19 pandemic. (*Id.* at 1-3) (emphasis in original). Plaintiffs also sought permission to take "three depositions after the close of fact discovery." (*Id.* at 3-4). In the final paragraph on the last page of the motion, Plaintiffs indicated that Mr. Nguyen was one of those fact witnesses. (*Id.* at 4).

Plaintiffs also failed to inform this Court that they specifically asked presiding Judge Beth Bloom to assist them in serving Mr. Nguyen. (*Id*, at 4 n.1). Judge Bloom declined: "The Court declines Plaintiffs' invitation. First, it is unclear what assistance the Court can grant Plaintiffs, and second, at no time since the case originated in February 2018 have they sought assistance related to serving Mr. Nguyen." (ECF No. 441, at 2 n.2).

---

[1] *See Ira Kleiman, et al. v. Craig Wright*, Case No. 9:18-cv-80176-BB/BR.

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 5
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

7089406.1

1  Undeterred by Judge Bloom's decision, Plaintiffs turned to Magistrate Judge Bruce
2  Reinhart (presiding over discovery in the Florida Lawsuit) to compel Defendant to assist them
3  with serving the deposition subpoena on Mr. Nguyen.  (ECF No. 449).  On April 7, one day *after*
4  filing the instant Motion to Compel, Plaintiffs represented to Magistrate Judge Reinhart that they
5  "have been *trying* to serve Jimmy Nguyen with a subpoena for deposition and for documents . .
6  . In fact, Plaintiffs have been forced to initiate satellite litigation in Washington to *try to secure*
7  *service* on Mr. Nguyen."  (*Id.* at 6) (emphasis added).  Plaintiffs then requested that Magistrate
8  Judge Reinhart order Defendant to "share Mr. Nguyen's contact information to *assist in proper*
9  *service*."  (*Id.*).  Magistrate Judge Reinhart ruled consistently with Judge Bloom.  On April 9,
10  2020, he ordered that "Plaintiffs' request for Defendant's assistance in effecting service of process
11  on Mr. Nguyen is denied."  (ECF No. 451).

12  Plaintiffs repeatedly told the Florida Court that they have not been able to serve Mr.
13  Nguyen, and their requests for court-assisted service were rejected.  Plaintiffs now turn to this
14  Court seeking the same relief already denied them by both the District Judge and the Magistrate
15  Judge presiding over the Florida Lawsuit.

16  **B. Plaintiffs' Untimely Discovery Request**

17  The Florida Lawsuit has been pending in the Southern District of Florida since February
18  2018.  (ECF No. 1).  On May 14, 2018, Judge Bloom entered an Order Setting Trial and Pre-
19  Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate.  (ECF No.
20  21) ("First Scheduling Order").  The First Scheduling Order set a discovery deadline for February
21  8, 2019.  (*Id.* at 2).  Although Plaintiffs listed Mr. Nguyen as a potential witness in Rule 26
22  disclosures since May 25, 2018 [Ex. A], they did not seek discovery from Mr. Nguyen at any
23  time before that initial February 8, 2019 discovery deadline.

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 6
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

7089406.1

On January 3, 2019, Judge Bloom entered an Amended Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge. (ECF No. 78) (the "Second Scheduling Order"). The Second Scheduling Order set a revised discovery deadline for June 10, 2019. (*Id.* at 2). Plaintiffs did not seek to subpoena Mr. Nguyen at any time before the revised June 10, 2019 discovery deadline.

On April 17, 2019, Judge Bloom entered an Amended Order. (ECF No. 149) ("Third Scheduling Order"). The Third Scheduling Order set a revised discovery deadline for December 3, 2019. (*Id.* at 2). Plaintiffs did not seek to subpoena Mr. Nguyen at any time before the revised December 3, 2019 discovery deadline.

On November 27, 2019, Judge Bloom entered an Omnibus Order. (ECF No. 320) ("Fourth Scheduling Order"). The Fourth Scheduling Order set a revised discovery deadline for January 17, 2020. (*Id.* at 3). Again, Plaintiffs did not seek to subpoena Mr. Nguyen at any time before the revised January 17, 2020 discovery deadline. Thus, Plaintiffs made no attempt to subpoena Mr. Nguyen prior to *four* separate discovery deadlines since February 2018.

On January 16, 2020, Judge Bloom entered an order granting another discovery deadline extension request. (ECF No. 382) ("Fifth Scheduling Order"). The Fifth Scheduling Order set a revised discovery deadline for April 17, 2020. It was not until a month after this fifth discovery deadline extension (beginning on February 14, 2020) that Plaintiffs began attempting to serve Mr. Nguyen, eventually requesting assistance from the Florida Court.

As stated, Judge Bloom explicitly declined Plaintiffs' service-assistance invitation. (ECF No. 441, at 2 n.2) ("Sixth Scheduling Order"). The Sixth Scheduling Order sets a revised discovery deadline for May 1, 2020, an impending deadline Plaintiffs suggest requires exigent consideration of their Motion to Compel. However, Plaintiffs' complete lack of urgency in

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 7
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

7089406.1

seeking discovery from Mr. Nguyen over the past *two years* undermines any claim that Mr. Nguyen's testimony documents are critical to the Florida Lawsuit.

### C. Mr. Nguyen

Mr. Nguyen is President of the Bitcoin Association, the leading global industry organization for Bitcoin business that supports Bitcoin SV (BSV). [Nguyen Decl. ¶ 2]. Bitcoin SV is one of the competing chains of Bitcoin. [*Id.*]. Defendant in the Florida Lawsuit, Dr. Craig Wright, is widely associated with Bitcoin SV. [*Id.* ¶ 15]

#### 1. Mr. Nguyen's Recent Employment

Before working full-time in the Bitcoin industry, Mr. Nguyen was a practicing attorney and partner in the Los Angeles office of Davis Wright Tremaine, LLP ("DWT"). [*Id.* ¶ 3]. In February 2017, Mr. Nguyen left his practice to join nChain Holdings Ltd. ("nChain"), one of the world's leading blockchain technology companies and key Bitcoin SV supporter. [*Id.*]. Mr. Nguyen held several positions during his tenure with nChain, including CEO. [*Id.*].

In late 2018, Mr. Nguyen stepped down from his role as nChain CEO and became President of the Bitcoin Association, which allowed him to devote his full attention to growing the Bitcoin SV global ecosystem. [*Id.* ¶ 4]. Mr. Nguyen also was appointed Chair of nChain's Strategic Advisory Board in late 2018. [*Id*]. Mr. Nguyen subsequently began using a new Bitcoin Association account as his primary email. [*Id.*].

As President of the Bitcoin Association, Mr. Nguyen oversees issues affecting the entire Bitcoin SV ecosystem. [*Id.* ¶ 5]. Mr. Nguyen therefore began withdrawing from various industry boards in late 2019 and early 2020, including the nChain Strategic Advisory Board on March 12, 2020. [*Id.*]. As part of this process, Mr. Nguyen ceased actively using his nChain.com email account on or about February 4, 2020 and thereafter almost all his email communications were sent from his Bitcoin Association account. [*Id.*].

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 8
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7089406.1

On March 6, 2020, the nChain IT support manager informed Mr. Nguyen of an unauthorized attempt to access his dormant nChain email account. [Nguyen Decl. ¶ 6]. The March 6 incident prompted discussions and plans to deactivate Mr. Nguyen's nChain account, which was permanently deactivated on or about March 19, 2020. [Nguyen Decl. ¶¶ 6-7].

### 2. Mr. Nguyen's International Travel and Plaintiffs' Failed Service Attempts

Plaintiffs contend that Mr. Nguyen "appears to be evading service" and that "[n]otwithstanding Mr. Nguyen's efforts, Plaintiffs have served him." [D.E. 1, at 1]. This assertion is both false and contrary to Plaintiffs' representations to the Florida Court.

Plaintiffs did not effect service on Mr. Nguyen because he was traveling outside the country on each attempted service date in February and March. Plaintiffs needed only to have performed Google searches to discover Mr. Nguyen's publicly-promoted appearances. Had they done so, they (a) would have realized that Mr. Nguyen was not at home and (b) could have served him in person at one of his conferences. They did neither.

Since 2017, Mr. Nguyen's positions with nChain and the Bitcoin Association have required extensive and frequent international travel as a global Bitcoin advocate. [Nguyen Decl. ¶ 8]. Mr. Nguyen often spends two to three uninterrupted months at a time away from his residence. [*Id.*]. As one of the most visible public advocates for Bitcoin SV, Mr. Nguyen frequently attends, hosts, and speaks at a wide variety of digital currency and blockchain technology conferences, many of which the Bitcoin Association hosts entirely by itself or sponsors with industry third-parties. [*Id.*]. Mr. Nguyen's numerous speaking engagements are well promoted throughout the digital currency industry. [*Id.*].

The Bitcoin Association, as the global industry leader for Bitcoin business, actively promotes and advertises Mr. Nguyen's speaking events through its website and social media accounts. [*Id.* ¶ 9]. CoinGeek.com—considered a leading digital currency media outlet for

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 9
(USDC Case No. 20-mc-00026-RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

7089406.1

Bitcoin SV news and events—regularly advertises Mr. Nguyen's conference appearances through its own website and social media accounts. [*Id.*].

On February 1, 2020, Mr. Nguyen flew to London to begin a series of consecutive business trips and conference events that were planned for the ensuing two months. [*Id.* ¶ 12]. On February 8, 2020, Mr. Nguyen traveled from London to Moscow, Russia for business meetings and to speak at the Future of Sports & Blockchain Conference being held on February 14, 2020. [*Id.* ¶ 13]. This event, along with Mr. Nguyen's speaking appearance, was publicly promoted through the Bitcoin Association website, the Bitcoin Association social media accounts, and other media platforms. Mr. Nguyen was in Moscow from February 8 to February 16, 2020. [*Id.*].

Plaintiffs state that service was attempted at Mr. Nguyen's residence twice on February 14 at 3:06 PM and 3:34 PM, and once on February 15 at 9:42 PM. [D.E. 1, Freedman Decl., Ex. 6]. However, service was not effected on either date because Mr. Nguyen was in Moscow for the Future of Sports & Blockchain Conference. This information is publicly verifiable.

On February 16, Mr. Nguyen returned to London to begin preparation for the CoinGeek London 2020 Conference taking place between February 20 and 21, 2020. [Nguyen Decl. ¶ 14]. Mr. Nguyen also participated in numerous business meetings and other industry-related events in the days before and after the CoinGeek London 2020. [*Id.*]. Mr. Nguyen was in London between February 16 and 28, 2020. [*Id.*].

Plaintiffs state that service was attempted at Mr. Nguyen's residence on February 17 at 4:48 PM and February 18 at 12:38 PM. [D.E. 1, Freedman Decl., Ex. 6]. Again, contrary to Plaintiffs' evasion allegations, Mr. Nguyen was in London for business on both February 17 and 18 when service was purportedly attempted. Plaintiffs' counsel apparently follows Mr. Nguyen

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 10
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7089406.1

on social media, so he knew or should have known about Mr. Nguyen's heavily promoted travel and public appearances.

Mr. Nguyen's participation in the CoinGeek London 2020 Conference is not a passive endeavor; rather, it serves as arguably the most important and preeminent annual industry events of the year for Bitcoin SV. [Nguyen Decl. ¶ 15]. CoinGeek is a critical supporter of Bitcoin SV, and its global conferences are the most recognized and heavily promoted blockchain events for the entire Bitcoin SV ecosystem. At all CoinGeek conferences to date, including the CoinGeek London 2020 event, Mr. Nguyen served as the conference host, program emcee, and moderator for multiple sessions. [*Id.*]. The CoinGeek London 2020 conference (as several past CoinGeek conferences) was also live-streamed on YouTube. [*Id.*]. Furthermore, Dr. Wright is prominently associated with Bitcoin SV and thus is also a headline speaker at every CoinGeek Conference. [*Id.*]. Anyone following Dr. Wright and Mr. Nguyen's online and public activities (as Plaintiffs' counsel clearly does) would have known that both were at the conference. Had Plaintiffs performed even the most perfunctory internet or social media search, they would have realized the futility in serving Mr. Nguyen at his residence throughout February 2020. Instead, they easily could have served him at the CoinGeek London conference or at any of his many public appearances.

On February 28, Mr. Nguyen flew from London to Ljubljana, Slovenia to participate in a March 3rd, invitation-only Bitcoin SV conference. [*Id.* ¶ 16]. After attending the March 3 conference and business meetings in Slovenia, Mr. Nguyen returned to London before traveling on to Antigua for another round of business meetings. [*Id.*].

During the week of March 9-13, 2020, Mr. Nguyen attended various meetings with industry leaders and corporate representatives involved in the Bitcoin SV ecosystem. [*Id.* ¶ 17]. Following Mr. Nguyen's meetings in Antigua, he was scheduled to travel to New York for two

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 11
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

7089406.1

more weeks of business meetings. [*Id.*]. However, these plans were dramatically altered by the coronavirus pandemic. [*Id.*]. Mr. Nguyen left Antigua in late March 2020 to return to the United States, where he has been isolating in safe and remote locations due to the COVID-19 global pandemic. [*Id.* ¶ 18].[2]

As Mr. Nguyen's detailed and extensive travel itinerary illustrates, Plaintiffs have not served their Rule 45 subpoenas.

## DISCUSSION

Courts in the Southern District of Florida and Western District of Washington acknowledge a split of authority on whether Rule 45(b) requires personal service for subpoenas (the "majority" position) or allows alternate service (the "minority" position). *See In re Falcon Air Exp., Inc.*, 06-11877-BKC-AJC, 2008 WL 2038799, at *1 (Bankr. S.D. Fla. May 8, 2008); *see also Kantor v. Big Tip, Inc.*, 2:15-CV-01871-RAJ, 2017 WL 2634207, at *1 (W.D. Wash. June 19, 2017) ("District courts are split on whether Rule 45(b)(1) requires personal service of a subpoena or whether delivery via certified mail is sufficient.").

However, this Court need not resolve this split because Plaintiffs', by their own admission, have not served Mr. Nguyen either in person or by alternate means.[3]

**A. Plaintiffs Acknowledge the Service Deficiency—Just Not to This Court**

Plaintiffs now argue that an order should be entered requiring Mr. Nguyen to comply with their document and deposition subpoenas "because he was properly served via email on

---

[2] Plaintiffs claim they also attempted service on Mr. Nguyen in March, but fail to attach a non-return of service to their Motion to Compel. [D.E. 1, at 3]. Regardless, Mr. Nguyen was traveling internationally and thus service was not effected.

[3] Plaintiffs' deposition subpoena also is facially invalid because they failed to tender the Rule 45(b)(1) witness fee. *Ellis v. SmithKline Beecham Corp.*, C07-5302RJB, 2008 WL 2323925, at *1 (W.D. Wash. June 5, 2008) ("Every one of Plaintiff's subpoenas in question commanded that person's attendance at a deposition and Plaintiff did not tender the required fees upon service. Consequently, Plaintiff's service was defective.").

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 12
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7089406.1

March 10." [D.E. 1, at 5]. Mr. Nguyen has not been served. In fact, until this Motion to Compel, Plaintiffs have never even claimed that Mr. Nguyen has been served.

Plaintiffs' email to Mr. Nguyen of March 10, 2019 merely *asked* him "whether you are willing to accept service of the attached subpoenas by email." [D.E. 1, Freedman Decl., Ex. 8]. However, Mr. Nguyen ceased actively using the nChain.com email account on February 4, 2020. [Nguyen Decl. ¶ 5]. Plaintiffs do not and cannot claim that Mr. Nguyen responded to the request.[4] Similarly, Plaintiffs' attempted service via Twitter on March 29 merely *asked* Mr. Nguyen, "Will you accept service via Twitter?" [D.E. 1, Freedman Decl., Ex. 12]. Plaintiffs do not suggest that Mr. Nguyen responded to the request.

Both the email and Twitter requests were only that—requests. This is similar to asking a party to accept mailed service of a summons; the party has no obligation to agree, and the mere asking of the question is not itself effective service.

Plaintiffs lastly claim that "Mr. Nguyen was properly served by certified mail on April 1." [D.E. 1, at 11]. However, Exhibit 11 to the Freedman Declaration accompanying Plaintiffs' Motion to Compel indicates that Plaintiffs merely paid for a certified mail delivery that had an *unsuccessful* delivery attempt on April 1. There is no return receipt with Mr. Nguyen's signature—indeed, Exhibit 11 shows that delivery was unsuccessful on April 1 at 3:20 PM because there was "No Authorized Recipient Available." [D.E. 1, Freedman Decl., Ex. 11]. This is unsurprising as Mr. Nguyen is isolating in a safe and remote location until the COVID-19 pandemic subsides. [Nguyen Decl. ¶ 12-18]. A single, unsuccessful attempt to serve Mr. Nguyen by certified mail with no return receipt is not perfected service.

---

[4] Plaintiffs' reliance on email and Twitter service cases is misplaced. The cases involved either alternate service of subpoenas or service of original process under Rule 4(e)(1), not a deposition subpoena on a third-party witness under Rule 45. *See Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, C 13-80246 WHA, 2014 WL 1877547, at *1 (N.D. Cal. May 9, 2014); *St. Francis Assisi v. Kuwait Fin. House*, 3:16-CV-3240-LB, 2016 WL 5725002, at *1 (N.D. Cal. Sept. 30, 2016); *Entrepreneur Media, Inc. v. Casey*, 818CV01058JLSAGR, 2018 WL 6424515, at *1 (C.D. Cal. Oct. 1, 2018).

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 13
(USDC Case No. 20-mc-00026-RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7089406.1

In short, Plaintiffs repeatedly and accurately represented to the Florida Court that they were unable to serve Mr. Nguyen. That is why they sought the Florida Court's assistance to effectuate service—which was denied. Plaintiffs should not now be heard to take the opposite position before this Court that service has been effected.

### B. Plaintiffs Have Not Been Diligent in Seeking Discovery from Mr. Nguyen and are Not Entitled to Extraordinary Relief

Plaintiffs make the logical leap that "Mr. Nguyen may be intentionally evading service" based on the "sheer number of unsuccessful service attempts." [D.E. 1, at 7]. However, as demonstrated in his Declaration and verifiable through public announcements, Mr. Nguyen was traveling outside the country on the dates that service was attempted. Indeed, Plaintiffs concede in their Motion to Compel that "Mr. Nguyen has spent a substantial amount of time travelling outside of the country." [*Id*. at 4]. They even chronicle Mr. Nguyen's international travel throughout February and March 2020 based on various social media postings from Mr. Nguyen. [*Id.* at 4-5]. Plaintiffs follow Mr. Nguyen's social media, yet fail to explain their failure to serve Mr. Nguyen at any of his public appearances in 2019 or 2020. [*Id.* at 10-11].

Plaintiffs aver that service was attempted at Mr. Nguyen's residence on: (a) February 14, 2020 at 3:06 PM and 3:34 PM, (b) February 15, 2020 at 9:42 PM, (c) February 17, 2020 at 4:48 PM, pm and (d) February 18, 2020 at 12:38 PM. [D.E. 1, Freedman Decl., Ex. 6]. However, Mr. Nguyen was in Russia and the UK for business during the four February service attempts. [Nguyen Decl. ¶¶ 12-15]. Plaintiffs further assert that a second process server attempted to serve Mr. Nguyen in March but provide no proof of such attempts or dates. However, Mr. Nguyen was traveling internationally through late March, 2020. [*Id.* ¶¶ 16-18].

Plaintiffs claim that they "have diligently attempted to personally serve Mr. Nguyen." [D.E. 1, at 6]. This is belied by their decision to wait *two years* before seeking any discovery from Mr. Nguyen and their failure to serve him at any of his public appearances. *See In re: Ex*

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 14
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

7089406.1

*Parte Application of Pro-Sys Consultants & Neil Godfrey*, 2016 WL 6025155, at *2 (N.D. Cal. Oct. 14, 2016) ("Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service.").[5]

Plaintiffs' emergency is entirely of their own making. Their lack of diligence in seeking discovery from Mr. Nguyen should lead this Court, as it did the Florida Court, to decline their invitation to grant extraordinary relief.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel should be denied.[6]

---

[5] Plaintiffs' other authorities are inapposite. *See Toni Brattin & Co., Inc. v. Mosaic Int'l, LLC*, 15-MC-80090-MEJ, 2015 WL 1844056 (N.D. Cal. Apr. 9, 2015) (concerning a trial subpoena); *In re: Ex Parte Application of Pro-Sys Consultants & Neil Godfrey*, 2016 WL 6025155 (subpoenaed non-party lied to process server multiple times about his whereabouts); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450 (S.D.N.Y. 2017) (service attempted 14 separate times at five different locations).

[6] Mr. Nguyen reserves his right to assert substantive objections to the deposition and document requests in the subpoenas if and when service is effected.

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 15
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7089406.1

DATED this 20th day of April, 2020.

/s/ Scott B. Henrie, WSBA #12673
Scott B. Henrie, WSBA #12673
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
E-mail:  shenrie@williamskastner.com

and

/s/ Spencer H. Silverglate, FL Bar No. 769223
/s/ Trevor Gillum, FL Bar No. 1003867
Spencer H. Silverglate, FL Bar No. 769223
*Pro Hac Vice Application Pending*
Trevor Gillum, FL Bar No. 1003867
*Pro Hac Vice Application Pending*
CLARKE SILVERGLATE, P.A.
799 Brickell Plaza, Suite 900
Miami, FL  33131-2805
Telephone:  (305) 377-0700
Email:  ssilverglate@cspalaw.com; and
          TGillum@cspalaw.com

***Attorneys for James "Jimmy" Nguyen, Subpoenaed Individual***

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 16
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

7089406.1

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on April 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

Further, I hereby certify that on April 20, 2020, I provided the foregoing to following non-CM/ECF participants via Electronic Mail/Email:

*Counsel for Plaintiffs:*

Emanuel Jacobowitz, WSBA #39991
CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 1st Ave., Ste. #200
Seattle, WA  98121
Telephone:  206-769-3759
Email:  manny@CAJlawyers.com

Kyle W. Roche and Joseph M. Delich
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, Suite 1910
New York, NY  10016
Email: kyle@rcfllp.com; and
jdelich@rcfllp.com

Velvel (Devin) Freedman, FL Bar No. 99762
ROCHE CYRULNIK FREEDMAN LLP
200 S. Biscayne Blvd, Suite 5500
Miami, FL  33131
Telephone: (305) 357-3861
Email:  vel@rcfllp.com; and
nbermond@rcfllp.com

Andrew S. Brenner
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL  33131
Email:  abrenner@bsfllp.com

*Counsel for Defendant:*
Amanda McGovern
Email:  amcgovern@riveromestre.com

DATED this 20th day of April, 2020.

/s/ Scott B. Henrie, WSBA #12673
Scott B. Henrie, WSBA #12673
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600   Fax:  (206) 628-6611
Email:  shenrie@williamskastner.com

*Attorneys for James "Jimmy" D. Nguyen, Subpoenaed Individual*

NON-PARTY JIMMY NGUYEN'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA - 17
(USDC Case No. 20-mc-00026-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

7089406.1